# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| AMBUR HALE, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | JURY DEMAND |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, and § | |
| MAJOR JONATHAN EASTEP § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Ambur Hale, by and through her attorneys, and for her Original Complaint states as follows:

### I. PARTIES

1. Plaintiff Ambur Hale is a female whose primary residence is located at 324 Westside Drive, Wichita Falls, Texas 76301. She is a female corrections officer employed by Defendant, Texas Department of Criminal Justice.

2. At all relevant times, Plaintiff was an "employee" of the Texas Department of Criminal Justice, within the meaning of 42 U.S.C. § 2000e(f).

3. Defendant, Texas Department of Criminal Justice, (hereinafter, "TDCJ"), is a political subdivision and creation of the State of Texas. Defendant operates prisons for the State of Texas.

4. At all relevant times, Defendant, TDCJ, was an "employer" engaged in an industry affecting interstate commerce within the meaning of 42 U.S.C. § 2000e(g) and (h), which incorporates by reference Sections 701(g) and (h) of Title VII.

5. At all relevant times, Major Jonathan Eastep, in his individual and official capacity, was a supervisor at TDCJ with the authority to take tangible employment actions against Plaintiff.

## II. JURISDICTION AND VENUE

6. Plaintiff Ambur Hale commences this action against Defendant TDCJ to redress sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, (hereinafter "Title VII").

7. Plaintiff Ambur Hale commences this action against Defendant Maj. Eastep to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

8. Jurisdiction and venue over Plaintiff Hale's' Title VII claim is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), which in relevant part permits this case to be filed in any judicial district in the state where the unlawful employment practice is committed.

9. Jurisdiction and venue over Plaintiff Hale's Section 1983 claim is conferred on this Court by 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

## III. CONDITIONS PRECEDENT

10. Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission in January 2017. A Notice of Right to Sue was issued by the Department

of Justice on May 18, 2018, a true and correct copy of which is attached to this Complaint as Exhibit A.

## IV. FACTS

11. Plaintiff Hale was hired by TDCJ as a corrections officer at the James V. Allred Unit ("Allred Unit") in October 2006. She has worked as a corrections officer since that time, receiving awards and accolades, and achieving the rank of Sergeant. She is currently on the training staff, where her duties consist of training new officers and retraining current officers the right way to perform. Hale has performed all the duties of her job in an exceptional fashion and loves her job.

12. Major Jonathan Eastep is an employee of TDCJ. He sexually harassed and sexually assaulted Plaintiff Hale on June 15, 2016.

13. On June 15, 2016, Maj. Eastep walked up behind Ms. Hale, grabbed the fence in front of her and pulled himself into her backside. He trapped her between his arms and his body, holding her against her will. He bent his knee, moving his groin area toward Ms. Hale's buttocks, and pressed himself against her, and then held her there, breathing down her neck. He did this while an inmate and other correctional officers were moving past.

14. The area where this incident occurred was videoed by TDCJ.

15. Ms. Hale filed an internal complaint against Maj. Eastep on June 20, 2016, according to procedure.

16. The initial investigator for TDCJ reviewed the videotape of the incident and found:

> After viewing the recording of the incident, Respondent does step behind Complainant and place both [hands] on the fencing on each side of Complaint's body and it appears Complainant is 'blocked' in by Respondent's stance and body. Respondent appears to bend his knee moving his groin area toward Complainant's buttocks.

17. Nevertheless, Ms. Hale received an inter-office communication during the first week of August from Eve Shelly, TDCJ's Employee Relations Manager, which stated:

> Although a policy violation did not occur, a recommendation has been forwarded to the proper authority.

No other explanation was included or received by Ms. Hale.

18. After several attempts to contact Ms. Shelly, Ms. Hale was finally able to discuss her complaint with Ms. Shelly via telephone. Ms. Shelly told Ms. Hale that a complaint of sexual harassment and "Discourteous Conduct of a Sexual Nature" were the "same difference." Ms. Shelly also stated, "that Major Eastep's behavior was 'inappropriate' and she tried to move but that he [Eastep] would not let her."

19. On August 15, 2016, Ms. Hale emailed Ms. Shelly requesting a re-evaluation of her EEO complaint against Maj. Eastep and a review of TDCJ Policy PD-13, page 4 I. B & C-1, which includes:

> Physical acts such as intentional physical conduct that is sexual in nature or a reasonable person would find offensive. Examples of such acts include, but are not limited to, intentional touching, jabbing, pinching, grabbing, rubbing, pressing or brushing against a person's body.

In her request to Ms. Shelly, Ms. Hale also quoted the Executive Director of TDCJ, Bryan Collier:

> Sexual harassment is a form of illegal sex discrimination that is prohibited, and for which the Texas Department of Criminal Justice (TDCJ) has zero tolerance. In order to prevent sexual harassment, TDCJ also prohibits any discourteous conduct of a sexual nature that a reasonable person would find offensive, or which is known to be unwelcome to the person against whom it is directed. Retaliation is also prohibited.

20. On August 17, Ms. Hale received a response from Ms. Shelly. The inter-office communication stated:

> Ms. Hale, I have reviewed your statement below and apologize for your initial inability to reach me via telephone. Regarding your allegations against Mr.

>Eastep, a thorough internal investigation was conducted by the EEO section which found no information to support the allegation Mr. Eastep violated Agency EEO policy. Please be advised that in addition to the TDCJ's internal EEO investigation, you may have filing rights with the Equal Employment Opportunity Commission, the Texas Workforce Commission-Civil Rights Division, or the TDCJ's Office of Inspector General.

21. Again, Ms. Hale received no other communication or notice regarding Maj. Eastep or her complaint.

22. Ms. Hale has suffered physically and mentally because she came forward. Ms. Hale's hair is falling out (alopecia areata). She has large places in different areas of her scalp that are bare, and she has to work very hard to cover them up. This is humiliating and embarrassing. She has been to several doctors to determine the cause and find a treatment. She has been told the cause is severe stress. She is currently receiving steroid shots in her scalp to stop or slow down the hair loss.

23. Not long after she filed the complaint against Maj. Eastep, Ms. Hale was retaliated against at work. Ms. Hale was charged for an incident that occurred on July 9, 2016. The incident was "investigated" by Maj. West who did not complete the "investigation" until July 26, 2016, seventeen days after it occurred. Even so, Maj. West's "investigation" did not include interviews of Ms. Hale, the medical staff, nor the staff that was present during the incident. In addition, Maj. West confused 3-building, where Ms. Hale was sexually harassed by Maj. Eastep, with 7-building where the July 9th incident occurred that Maj. West was supposed to be investigating.

24. Maj. Eastep was placed on probation for transgressions unrelated to Ms. Hale's claims. He was transferred away from the Allred Unit.

25. As a direct and proximate result of Maj. Eastep's and Defendant's acts and omissions, Ms. Hale suffers severe stress and anxiety which have manifested in her hair falling out (alopecia

areata) and depression. She has seen a counselor, and is currently being treated by a specialist, Linda Reinhardt, MD, for her alopecia areata.

26. Maj. Eastep has now completed his probation and could be transferred back to the Allred Unit.

## V. CAUSES OF ACTION

### COUNT A. HARASSMENT AND DISCRIMINATION IN VIOLATION OF TITLE VII

27. Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

28. Plaintiff was subjected to unwelcome, harassing, and offensive sexually discriminatory conduct during her employment with Defendant TDCJ which was perpetrated by Maj. Eastep. This conduct was based on and directed at Plaintiff because of her gender.

29. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive such that it altered the conditions of Plaintiff's employment and created an abusive work environment. Eastep's actions and TDCJ's failures unreasonably interfered with Plaintiff's physical health and work performance, and Plaintiff was subjected to an intimidating, hostile, and offensive working environment.

30. Plaintiff followed Defendant's internal policies to file an EEO Complaint. Defendant failed to take prompt and reasonable remedial action. TDCJ failed to separate Hale and Eastep by placing them on separate shifts after she filed her EEO Complaint, and no remedial actions were taken against Eastep.

31. As a direct and proximate cause of the Defendant's acts and omissions, Plaintiff has suffered and will continue to suffer from past and future lost wages, past and future lost benefits,

future medical expenses, and severe mental anguish and emotional distress, all of which would not otherwise have been incurred.

## COUNT B. RETALIATION UNDER TITLE VII

32. Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

33. Defendant retaliated against Plaintiff for filing her complaint against Maj. Eastep.

34. Very soon after she filed her complaint, she was "investigated" by Maj. West for a "Use of Force" violation. However, Maj. West never interviewed the Plaintiff to determine what happened during the incident. In fact, Maj. West never interviewed the staff that were present during the incident nor the medical staff. In addition, Maj. West confused where the incident actually happened – 7-building – with where Plaintiff was sexually harassed and assaulted – 3-building. This could not have happened unless Maj. West had seen Plaintiff's complaint. Finally, Maj. West took 27 days to conduct this so-called investigation.

35. This was a created offense to punish Plaintiff for filing a complaint against Maj. West.

36. As a direct and proximate cause of the Defendant's acts or omissions, Plaintiff has been and continues to be damaged and suffer losses including, but not limited to, severe mental and emotional distress, embarrassment, humiliation, inconvenience, loss of enjoyment of life, loss of reputation, and lost wages and/or fringe benefits, past and future, which would not otherwise have been incurred.

## COUNT C. 1983 VIOLATION AS TO DEFENDANT EASTEP

37. Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

38. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

39. Under the Fourteenth Amendment, Plaintiff has the right to Equal Protection of the Laws, and to work free from sexual discrimination and sexual harassment that creates a hostile work environment.

40. Defendant Eastep was a state actor acting under the color of state law.

41. Defendant Eastep subjected Plaintiff to violations of her right to Equal Protection of the Laws, and prevented her from working free from sexual discrimination and sexual harassment that created a hostile work environment by intentionally and all without consent:

- walking up behind Ms. Hale on June 15, 2016, at work,
- grabbing the fence in front of her,
- pulling himself into her backside,
- then trapping her between his arms and his body,
- holding her against her will,
- bending his knee,
- moving his groin area toward Ms. Hale's buttocks,
- pressing himself against her,
- holding her there, and,
- breathing down her neck.

All of these actions by Major Eastep were done while other correctional officers and an inmate were moving past them.

42. Maj. Eastep's actions have caused Plaintiff extreme fear, post-trauamatic stress disorder, severe physical distress, and humiliation.

43. Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant's deliberate indifference to her rights under the Fourteenth Amendment.

## VI. DAMAGES

44. Plaintiff restates and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein.

45. As a direct and proximate result of Defendant's actions described above, Plaintiff suffered injuries which would not have otherwise occurred. Plaintiff pleads for all damages available under federal law and prays this Court:

- Award Plaintiff all compensatory damages available;

- Award Plaintiff equitable relief of back salary and fringe benefits and/or front salary and benefits;

- Award Plaintiff all damages for mental anguish and extreme emotional distress;

- Award Plaintiff punitive damages against Major Eastep;

- Award Plaintiff pre- and post-judgment interest;

- Award Plaintiff costs and attorney's fees; and

- Grant such other relief as it may deem just and proper.

## VII. JURY DEMAND

46.     Plaintiff asserts her rights under the Seventh Amendment of the United States Constitution, and pursuant to Fed. R. Civ. P. 38, demands a trial by jury on all issues.

## VIII. PRAYER FOR RELIEF

47.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that upon final trial and hearing, Plaintiff be awarded judgment against the Defendant for damages to be determined at trial; attorney's fees; pre and post judgment interest; all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/ Louise Tausch
**LOUISE TAUSCH**
Texas State Bar No. 19680600
Arkansas State Bar No. 86212

**ATCHLEY, RUSSELL, WALDROP
& HLAVINKA, L.L.P.**
1710 Moores Lane
Texarkana, Texas 75503
TEL: 903/792-8246
FAX: 903/792-5801
Email: ltausch@arwhlaw.com

**ATTORNEY FOR PLAINTIFF,
AMBUR HALE**



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7016 2140 0000 5582 1149

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

May 18, 2018

Ms. Ambur N. Hale
c/o Louise Tausch, Esquire
Law Offices Atchley, Russell, et al.
P.O. Box 5517
Texarkana, TX 75505-5517

Re: EEOC Charge Against Texas Dept. of Criminal Justice
No. 31C201700574

Dear Ms. Hale:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC San Antonio District Office, San Antonio, TX.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: San Antonio District Office, EEOC
Texas Dept. of Criminal Justice

Exhibit A